UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| JTH Tax, Inc., d/b/a Liberty Tax Service, )<br>)<br>Plaintiff,    )<br>)<br>v.    )<br>)<br>M&M Income Tax Service, Inc.,    )<br>)<br>Defendant.  )<br>_____ ) | C/A No.: 6:13-cv-00265-GRA<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before the court upon the motion of Plaintiff JTH Tax, Inc., d/b/a Liberty Tax Service ("Liberty Tax") made at a hearing before this Court on February 6, 2013 to conduct discovery prior to the Rule 26(f) conference of the parties. Defendant M&M Income Tax Service, Inc. ("M&M Tax") consented to this motion. For the reasons stated herein, Liberty Tax's motion is GRANTED.

## **Background**

Plaintiff Liberty Tax is a corporation organized under the laws of the State of Delaware with its principal place of business in Virginia Beach, Virginia. Defendant M&M Tax is a corporation organized under the laws of the State of South Carolina with its principal place of business in Greenville, South Carolina. Both parties are in the business of tax return preparation and are competitors in that industry.

In its Complaint, Liberty Tax accuses M&M Tax of false advertising in a series of television advertisements in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1); the South Carolina Unfair Trade Practices Act, S.C. Code § 39-5-10 et seq.; and the common law theory of Unfair Competition. As summarized in Liberty Tax's Complaint

and motion, the following advertisements run by M&M Tax are at issue and allegedly contain false or misleading statements:

### *Advertisement 1*

On or about January 10, 2013, M&M Tax ran a television advertisement ("Advertisement 1") that contained the following narration:

> **Tired of waiting on your W-2? M&M Tax can download W-2s from thousands of companies like yours. With their special process they may be able to access your W-2 directly from your employer and get your full refund in as little as three days.**

Additionally, the following caption was displayed in large yellow letters during the narrative portion of Advertisement 1.

- **FULL REFUND IN AS LITTLE AS 3 DAYS**

### *Advertisement 2*

On or about January 19, 2013, M&M Tax ran a television advertisement ("Advertisement 2") that contained the following narration:

> **M&M Tax is not waiting on the IRS. They're sending tax returns now. They have a special way of sending your return, so you'll be first in line when the IRS delay is over. Be one of the first through the gates. With M&M Tax you can get your full refund in as little as three days.**

Additionally, the following captions were displayed in large yellow letters during the narrative portion of Advertisement 2.

- **M&M IS Sending Returns NOW!**
- **FULL REFUND IN AS LITTLE AS 3 DAYS**

### *Advertisement 3*

On or about January 25, 2013, M&M Tax ran a television advertisement ("Advertisement 3") that contained the following narration:

> **With M&M Tax get your full refund in as little as three days with no credit check and no upfront fees. The IRS is sending out money and M&M is printing checks up to $9,999. Take your W-2 to M&M Tax for the biggest and fastest refund allowed by the IRS.**

Additionally, the following caption was displayed in large yellow letters during the narrative portion of Advertisement 3.

- **Get A Full Refund in As Little As 3 DAYS**

On January 31, 2013 at 10:30 a.m., the Court issued a temporary restraining order against Defendant M&M Tax, restraining them from continuing to broadcast these advertisements or any of the representations made within them.  *See* ECF No. 17.  However, on February 1, 2013, the Court was informed that one of the prohibited advertisements appeared on WYCW-TV, local channel 9 after the temporary restraining order went into effect the day before.  The Court issued an order for Defendant M&M Tax to show cause why they should not be held in contempt of court. ECF No. 13.  A hearing was held on February 6, 2013 at which both parties were present.  Prior to this hearing, the Court received further information that the commercials were continuing to air.  *See* Decl. of David Moore, ECF No. 19.

At the hearing, after presenting the evidence currently available to both parties, both parties consented that further discovery may be needed before the pending preliminary injunction hearing and before any decision is made on the Rule to Show Cause.

## Discussion

According to the Federal Rules of Civil Procedure, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized by these rules, by stipulation, or by court order." Fed.R.Civ.P. 26(d)(1).  The Court has discretion when deciding matters related to the timing and scope of discovery.  *See* Fed.R.Civ.P. 26(b) & (d).  When presented with a motion to commence discovery prior to the Rule 26(f) conference, courts generally

apply a reasonableness or good-cause standard, taking into account the totality of the circumstances in which the motion is presented.  *See Dimension Data N. Am., Inc. v. NetStar–1, Inc.,* 226 F.R.D. 528, 531 (E.D.N.C.2005); 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2046.1 (3d ed. 2010).  Factors considered under the reasonableness test include: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of typical discovery process the request was made." *Disability Rights Council of Greater Washington v. Washington Metro. Area Transit Auth.,* 234 F.R.D. 4, 6 (D.D.C.2006).

      Here, the court finds that the request for expedited discovery is reasonable under the circumstances and good cause exists for granting the motion.  A preliminary injunction hearing is pending before the Court, and both parties believe taking depositions and performing some discovery in this case will be beneficial to the Court in making its determination on the preliminary injunction.  Furthermore, further discovery into the apparent violation of the Court's temporary restraining order will serve the interests of justice and aid the Court in deciding on whether Defendant M&M Tax is in contempt of the Court's order.

      **IT IS THEREFORE ORDERED** that the motion for leave to conduct discovery prior to the Rule 26(f) conference is GRANTED.  The parties shall have leave to immediately conduct depositions and serve written discovery regarding the issues raised in the Rule to Show Cause and Motion for a Preliminary Injunction,and that the parties shall be required to respond to any written discovery within five (5) calendar

days of service thereof.  The parties shall remain required to meet and confer regarding the scheduling of depositions.  However, they shall be entitled to notice of the same upon five (5) calendar days' notice.  Discovery on these matters shall be completed by **Thursday, February 28, 2013**.  The parties are instructed to file notice with the Court if an extension of time is needed.

    **IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

February 6, 2013
Anderson, South Carolina